PER CURIAM.
hWe granted certiorari in this matter in order to determine whether the trial court had erred in denying the State’s motion to disqualify the law firm representing the defendant. Because the law firm’s failure to comply with the Louisiana Rules of Professional Conduct disqualifies it from representing the defendant in the matter, we reverse the ruling of the trial court and order that the law firm be disqualified.
The facts of this case show that Shannon Clausen was charged with armed robbery and possession of a firearm while in possession of a controlled dangerous substance. The case was allotted to Section I of the district court on April 29, 2011, during which time Ben Sanders was an Assistant District Attorney assigned to that section. Pursuant to his prosecutorial role, Mr. Sanders participated in an interview of the armed robbery victim as well as a number of meetings with supervisors in preparation for trial.
In August of 2011, the defendant’s original counsel withdrew and Joyce Sallah, employed by Martin Regan, enrolled to represent him. In June 2012, Mr. Sanders resigned from the District Attorney’s office and went to work for Mr. Regan’s firm.
On June 25, 2012, the State filed a motion to disqualify Mr. Regan’s firm bfrom representing the defendant due to Mr. Sanders’ former involvement with the ease. At the July 12, 2012, hearing on the State’s motion, Mr. Regan acknowledged Mr. Sanders’ previous involvement with the case as a prosecutor — including having interviewed the victim — but explained that Mr. Sanders was not participating in his firm’s representation of the defendant and had not discussed the case with any member of the firm. Mr. Regan admitted that there was no sworn corroboration of that claim by Mr. Sanders, but indicated that *412 he would file an affidavit from Mr. Sanders to that effect into the record. For his part, the defendant orally waived any objection to Mr. Regan’s representation. In response, the State noted the extent of Mr. Sanders’ involvement in preparing the case for trial and objected to Mr. Regan’s continued representation of the defendant. In its motion, the State also pointed out Mr. Regan’s failure to provide prompt, written notice to the District Attorney’s office pertaining to the possible conflict, as required by the Louisiana Rules of Professional Conduct.
The trial court stated that it would deny the State’s motion, subject to the filing of an affidavit by Mr. Sanders affirming that he had not divulged any privileged information to Mr. Regan. On July 13, 2012, Mr. Regan faxed the trial court a sworn affidavit by Mr. Sanders attesting that he had not discussed or been involved with the defendant’s case since leaving the District Attorney’s office.
Following the trial court’s denial of the State’s motion to disqualify Mr. Regan’s firm, the State filed a writ of certiorari with the court of appeal. Based upon the showing made, the court of appeal found no error in the trial court’s denial of the State’s motion. This application followed.
The Rule of Professional Conduct at issue reads:
Rule 1.11. Special Conflicts of Interest for Former and Current Government Officers and Employees
(a) Except as law may otherwise expressly permit, a lawyer who has formerly served as a public officer or employee of the government:
|3(1) is subject to Rule 1.9(c); and
(2) shall not otherwise represent a client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless the appropriate government agency gives its informed consent, confirmed in writing, to the representation.
(b) When a lawyer is disqualified from representation under paragraph (a), no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter unless:
(1) the disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and
(2) written notice is promptly given to the appropriate government agency to enable it to ascertain compliance with the provisions of this rule.
[[Image here]]
Paragraph (a) of the rules requires Mr. Sanders disqualified in the matter unless the State “gives its informed consent, confirmed in writing, to the representation.” The State has not done so.
According to Paragraph (b), then, no member of Mr. Regan’s firm “may knowingly undertake or continue representation” in this matter, unless Mr. Sanders has been timely screened from participation in the matter and receives no part of the fee in the matter, and written notice was promptly given to the State.
Here, Mr. Sanders’ affidavit asserted that he had taken no part in the matter, but did not affirm that he would not receive any part of the fee. Neither did Mr. Regan’s firm provide prompt written notice to the State of Mr. Sanders’ hiring.
Because Mr. Regan’s firm did not comply with the requirements contained in Rule 1.11 of the Louisiana Rules of Professional Conduct relating to Special Conflicts of Interest for Former and Current Government Officers and Employees, we re *413 verse the trial court’s denial of the State’s motion to disqualify the firm.
WRIT GRANTED; REVERSED.